
Case 4:14-cv-00054-RH-CAS   Document 1   Filed 02/03/14   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF
FLORIDA
TALLAHASSEE DIVISION

ROBERT WILLIS,

Plaintiff,

-vs-

ALLIED INTERSTATE, LLC,

Defenfant.

CASE NO.: 4:14cv54-RH-CAS

_____/

## COMPLAINT

Plaintiff, ROBERT WILLIS, by and through his undersigned counsel, sues the Defendant, ALLIED INTERSTATE, LLC, and in support thereof respectfully alleges the following:

1.  Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.  This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3) and/or F.S. §47.011.

4.  Venue is proper in this District because the Plaintiff resides in this District (Leon County) and the Defendant transacts business in Leon County, Florida.

1

Rec'd0205'14UsDcFln4PM1235

Filed0203'14UsDcFln5PM0304

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Leon County, Florida, and resides in this District.

6. Defendant is a corporation and a citizen of the State of Minnesota with its principal place of business at 12755 Highway 55, Suite 300, Plymouth, Minnesota.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Leon County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account belonging to "Vladimir Baughmgartner" who is Plaintiff's roommate to whom he is not related to in any way and to whom he has no financial responsibility (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number at least two (2) times a day from April, 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, some or all of the calls the Defendant made to the Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls"); as each time Plaintiff answered one of Defendant's calls and/or each time a message was left on his answering machine, an automated or prerecorded message would immediately begin to play, sometimes truncated, and advise Defendant was seeking "Vladimir Baughmgartner," and said messages would speak the

number to return the call to in a completely different artificial and/or prerecorded voice than the original artificial and/or prerecorded voice that began ended each message.

11.     Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12.     In approximately April, 2013, Plaintiff began receiving these autodialer calls from Defendant on his cellular telephone number, (850) 321-5105, concerning a debt arising out of the subject account of Vladimir Baughmgartner of whom Plaintiff is not related to and has no financial responsibility to.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (850) 321-5105, and was the called party and recipient of Defendant's autodialer calls.

14.     The autodialer calls from Defendant came from the telephone number 866-383-5102.

15.     After receiving numerous autodialer calls to his cellular telephone number from Defendant dating back to approximately April, 2013, Plaintiff returned Defendant's calls on at least two (2) occasions in July, 2013 and spoke with representatives of Defendant and told each representative him that he was not Vladimir Baughmgartner, that he was not financially responsible for Vladimir Baughmgartner, was not related to him, that Plaintiff personally did not owe them any money, that the number Defendant called was Plaintiff's cellular telephone number, and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list. One or more of these two (2) conversations became very heated as Plaintiff pleaded with defendant to stop calling his cellular telephone number.

16. Despite informing Defendant that he was not the person Defendant was attempting to contact, to stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17. The autodialer calls from Defendant continued approximately, on average, one (1) to two (2) times a day from April, 2013, to the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

18. As an example of the call frequency of Defendant's autodialer calls to Plaintiff's cellular telephone number, Defendant called Plaintiff on the following dates and approximate times (eastern standard time): November 4, 2012 at 9:08 am, November 15, 2013 at 9:08 am, November 18, 2013 at 1:23 pm, November 20, 2013 at 9:33 am and 1:38 pm, December 3, 2013 at 1:20 pm, December 5, 2013 at 9:11 am, December 17, 2013 at 9:19 am, and January 2, 2014 at 9:19 am. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, estimates approximately 100 calls for the period of April, 2013 through the filing of this complaint.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond July, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that he was not related to "Vladimir Baughmgartner," that he was in no way financially responsible for him and to stop calling Plaintiff.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they are not financially responsible for the person Defendant is attempting to contact, and advising Defendant to stop calling.

22. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

23. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

24. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

25. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

26. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

27. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-six (26) above as if fully stated herein.

5

28. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in July, 2013, that Defendant was calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
(Violation of the "FCCPA")

31. Plaintiff re-alleges paragraphs one (1) through twenty-six (26) above as if fully stated herein:

32. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the Plaintiff.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

36. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

37. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Amanda J. Allen, Esquire
Florida Bar # 0098228
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
mvitoria@forthepeople.com

afloyd@forthepeople.com
kreynolds@forthepeople.com
Attorney for Plaintiff